UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA L. MARTIN, *et al.*, | : | Case No. 1:05-cv-273 |
| Plaintiffs, | : | |
| | : | Black, M.J. |
| vs. | : | |
| SELECT PORTFOLIO SERVING HOLDING CORPORATION, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

Tamara L. Martin and Donald E. Martin (collectively "plaintiffs") initiated this action by filing a *pro se* complaint in the Hamilton County (Ohio) Court of Common Pleas against three defendants: Select Portfolio Serving Holding Corporation ("SPS"); Matt Hollingsworth, CEO ("Hollingsworth"); and PMI Mortgage Insurance Co. ("PMI") (collectively "defendants"). (*See* Doc. 1, "Complaint.") SPS is identified as a credit service business formerly known as Fairbanks Capital Corp. (*See* Doc. 1 at 2; Doc. 5 at 1.) PMI is identified as a corporation owing 64% of SPS. (*See* Doc. 1 at 2.)

Seeking monetary relief, plaintiffs allege that defendants failed to comply with a judgment entered in a prior class action, which judgment ordered defendants to cease unfair and deceptive trade practices. (*Id.* at 2, ¶ 2.) Plaintiffs allege that defendants have violated § 5(a) of the Fair Trade and Credit Act ("FTCA"), 15 U.S.C. § 45(a); the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1682 *et seq.*; and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.  Plaintiffs also seek damages under state law for the intentional infliction of emotional distress.

Defendants removed the action to federal district court on April 25, 2005, on the basis of diversity jurisdiction.  *See* 28 U.S.C. §§ 1332, 1441, 1446.  (Doc. 1, "Defendants' Joint Notice of Removal.")

This matter is now before the Court on two motions to dismiss.  First, defendant SPS seeks dismissal on the grounds that the present action is barred by the doctrine of *res judicata* and, alternatively, by the doctrine of release.  (Doc. 5.)  Second, defendant PMI seeks dismissal of the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because plaintiffs have not alleged any conduct by PMI in support of their claims.  (Doc. 6.)  Additionally, and in the alternative, PMI seeks dismissal on the grounds that plaintiffs' claims are barred by the doctrines of *res judicata* and release.  (*Id.*)

In opposition to the motions to dismiss, plaintiffs assert that their claims should not be barred by the doctrines of *res judicata* and release because they are seeking relief based on defendants' alleged failure to comply with the prior class action settlement, which they contend is conduct arising after the settlement.  (*See* Docs. 8, 9.)

The parties have unanimously consented to final disposition by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Docs. 23, 25.)

## I. STANDARD OF REVIEW

On consideration of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because plaintiffs brings this case *pro se*, the Court liberally construes the allegations in their favor. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers). "A pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## II. DISCUSSION

In May 2003, a class action complaint was filed against Fairbanks Capital Corporation ("Fairbanks") (now SPS)[1] in the United States District Court for the District of Massachusetts. *See Medina v. Manufacturer's & Traders Trust Co.*, No. 04 C 2175, 2004 WL 3119019, at *1 (N.D. Ill. Dec. 14, 2004). The *Medina* court summarized the

---

[1] Effective July 1, 2004, Fairbanks Capital Corp. changed its name to Select Portfolio Services, Inc. (SPS). (*See* Doc. 9-4 at 5.)

*Curry* litigation as follows:

> The complaint alleged, *inter alia*, that Fairbanks was a servicer of residential mortgage loans and that it violated the Fair Debt Collection Practices Act by collecting fees, costs and foreclosure-related charges that were not due, and that it entered into and breached reinstatement agreements with borrowers. Fairbanks and the class action plaintiffs entered into a settlement agreement and release on November 14, 2003 (hereinafter the "Curry settlement agreement"). The Curry settlement agreement was intended to comprise a global settlement that would provide consumer redress throughout the United States. The terms of the agreement state that each settlement class member and their respective spouses would be deemed to have released and completely and forever discharged Fairbanks and Fairbanks-related parties from the released claims.

*Id.*; *see also Curry v. Fairbanks Capital Corp.*, No. 03-10895-DFW, 2004 WL 3322609 (D. Mass. May 12, 2004) (order certifying settlement class and approving settlement).

Plaintiffs admit that they are settlement class members and that they seek enforcement of the Curry settlement agreement. (*See* Docs. 1, 8, 9.) However, they also seek an award of monetary damages based on defendants' alleged continuing violations of the Fair Debt Collection Practices Act as well as damages under state law. (*See id.*)

A.   SPS's Motion to Dismiss

SPS seeks dismissal of the complaint as barred by the doctrine of *res judicata* and release.

The Sixth Circuit has held that the doctrine of *res judicata* applies in the context of class action litigation. *See, e.g., Becherer v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 193 F.3d 415, 421 (6th Cir. 1999) (en banc). *Res judicata* bars a subsequent action "if the following elements are present: (1) a final decision on the merits by a court of competent

jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

Plaintiffs contend that their claims in the instant case are beyond the scope of the *Curry* class action because they are based on conduct arising after the Curry settlement agreement was entered.  That is, they maintain that the doctrine of *res judicata* does not apply because the third element is not present.  The third requirement "prohibits parties from bringing claims they have already brought or should have brought." *Action Distrib. Co. v. International Bhd. of Teamsters Local 1038*, 977 F.2d 1021, 1026 (6th Cir. 1992).

The Curry settlement agreement defines the class period as January 1, 1999 through the date of preliminary approval.  (*See* Doc. 5-3 at 7, ¶ 7.)  The order preliminarily approving the settlement was signed on December 10, 2003.  (Doc. 3.)

Plaintiffs allege violations of the FDCPA and state law that occurred between May 2004 and February 2005.  (*See* doc. 9-1 at 3.)  Because claims based on these alleged violations could not been brought before the close of the class period, the doctrine of *res judicata* does not apply.

SPS argues in the alternative that the doctrine of release operates as a bar to plaintiffs' claims.  A release will bar claims by a party that (1) applies to that party; (2) encompasses the claims the party seeks to bring; and (3) is legally enforceable.  *See Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29, 32 (1st Cir. 1991).

Plaintiffs do not dispute that the release applies to them and to defendants or that it is legally enforceable. Rather, they dispute that the release encompasses the claims they are now asserting.

The Curry settlement agreement defines released claims to include, in pertinent part, transactions or occurrences alleged in the class action complaint as well as acts or omissions related to such transactions or occurrences. (*See* Doc. 5-3 at 12-13, ¶ 30.) Released claims also include claims based on servicing of a loan that was ever in default or treated as being in default and the assessment or penalties in violation of law or contract. (*See id.*)

Plaintiffs acknowledge that the subject of the alleged harassing and unlawful contacts by SPS was a loan that SPS treated as in default. (*See* Doc. 9-1 at 4-8.)

The Curry settlement agreement, however, also includes a provision for "Reserved Claims and Defenses." (*See* Doc. 5-3 at 13-14, ¶ 31.) Reserved claims and defenses include the following:

> [A]ny claims or defenses that a Settlement Class Member asserts, affirmatively or defensively, with respect to Fairbanks' servicing in an effort to defeat any pending or future real estate foreclosure action (whether judicial or nonjudicial), including those related to the Servicing practices covered by this Agreement, shall be unaffected by the Release in connection with such action.

(*Id.* at ¶ 31(a).)

Construing plaintiffs' allegations liberally, *see Estelle*, 429 U.S. at 106, it appears that their claims are unaffected by the release. Their claims are based in part on

allegations that SPS was threatening a future foreclosure action and was engaged in conduct inconsistent with servicing practices sought to be remedied by the agreement. (*See* Doc. 9-1 at 3.)

Contrary to defendants' assertion, the doctrine of release does not bar the present action.

B. PMI's Motion to Dismiss

PMI contend that the claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiffs have not alleged any conduct for which they could be held liable.

Review of the complaint reveals only that SPS "is owned in part by PMI Mortgage Insurance Co., a California corporation, as well as other large and small investors." (Doc. 1 at 2.) There are no allegations that PMI made any federally related loans to plaintiffs, serviced their loan with SPS, or collected payments from them. Instead, plaintiffs merely rely on the corporate relatedness of PMI to SPS. A mere showing of corporate relatedness, *i.e.*, through ownership, without more, is insufficient to establish liability on the part of one corporation for conduct by another corporation. *See Dolan v. Fairbanks Capital Corp.*, No. 03-CV-3285, 2005 WL 1971006, at *5 (E.D.N.Y. Aug. 16, 2005) (citing *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir.), *cert. denied*, 519 U.S. 1007 (1996)).

Thus, it appears beyond a doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief against PMI.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Select Portfolio Serving Holding Corporation's motion to dismiss (Doc. 5) is **DENIED**;

2. Defendant PMI Mortgage Insurance Company's motion to dismiss (Doc. 6) is **GRANTED**, and PMI Mortgage Insurance Company is **DISMISSED** as a party defendant to this action..

**IT IS SO ORDERED.**

Date:  3/17/06                                               s/Timothy S. Black
                                                             Timothy S. Black
                                                             United States Magistrate Judge