UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA L. MARTIN, *et al.*, | : | Case No. 1:05-cv-273 |
| Plaintiffs, | : | |
| | : | Black, M.J. |
| vs. | : | |
| SELECT PORTFOLIO SERVING HOLDING CORPORATION, *et al.*, | : | |
| Defendants. | : | **ORDER** |

This case is before the Court on Defendants' motion to compel Plaintiffs Tamara L. Martin and Donald E. Martin to fully comply with outstanding discovery requests (Doc. 40) and on Defendants' motion for an extension of time in which to file dispositive motions (Doc. 44).

Defendants SPS Holdings Corporation and Select Portfolio Servicing, Inc. states that they have repeatedly requested Plaintiffs to produce copies of all payment records, *e.g.*, bank statements and checks, showing payments that were not properly credited to their mortgage account.  Although Plaintiffs have produced some payment records, Defendants maintain that none of the records so far produced show payments that were not properly credited.  Thus, to the extent that Plaintiffs claim that such records exist, Defendants seek an order compelling Plaintiffs to produce those records.

Plaintiffs respond that on several occasions they have provided Defendants with

proof of payments and that they should not be required to provide the information again. (*See* Doc. 42.)

The Federal Rules of Civil Procedure provide that a party may apply for an order compelling a response to discovery requests where none has been made or where the response is so inadequate that it is tantamount to no response at all. *See, e.g.*, Fed. R. Civ. P. 37(a)(3) ("an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond"). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *See Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999).

The Court is satisfied that Defendants have met their burden of showing that the information they seek is relevant to the case at hand. Notwithstanding Plaintiffs' assertion that this action only covers the time of May 2004 to March 2005 (*see* Doc. 42-1 at 1), the Court finds that records from September 2002, when Defendants began to service Plaintiffs' mortgage (*see* Doc. 1 at ¶ 4) are within the scope of permissible discovery.

The Court, however, cannot compel production of that which does not exist. *See Krieger v. Fadely*, 199 F.R.D. 10, 13 (D.D.C. 2001). At most, the Court may resolve, upon appropriate application, the evidentiary and substantive consequences of a party's claimed inability to produce certain documents. *See id*; *see also* Fed. R. Civ. P. 37(b)(2)(A-E). For example, the Court may prohibit a party who fails to comply with an order to provide discovery from introducing the designated matters as evidence. *See* Fed.

R. Civ. P. 37(b)(2(B).

Accordingly, the Court being fully and sufficiently advised, **IT IS HEREIN ORDERED THAT** the motion to compel (Doc. 40) is **GRANTED** as follows:

1. Within **TEN (10) DAYS** of the date of this order, Plaintiffs **SHALL RESPOND** to Defendants' request for payment records related to payments to SPS Holding Corp. and Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corp., including records showing payments that were not properly credited to their mortgage account, by:

    (a) **SUPPLEMENTING** the materials that have already been produced; or

    (b) **STATING** that such additional materials that may exist and that have not yet been produced are not in Plaintiffs' possession;

2. Plaintiffs are **NOT** required to provide additional copies of bank statements or checks (or other materials) that have already been provided in response to Defendants' discovery requests.

**IT IS FURTHER ORDERED** that Defendants' motion for an extension of time in which to file dispositive motions (Doc. 44) is **GRANTED**.  The parties may **FILE** dispositive motions **on or before October 13, 2006.**

**IT IS SO ORDERED.**


Date:   9/25/06                                               s/Timothy S. Black
                                                              Timothy S. Black
                                                              United States Magistrate Judge